|   |   |
|---|---|
| 1 | Honorable Robert J. Bryan |
| 2 | Hearing Date: January 13, 2012<br>Without Oral Argument |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

**KIM GASKILL** and **KAREN GASKILL**, husband and wife, and the marital community consisting thereof,

    Plaintiffs,

vs.

**TRAVELERS INSURANCE COMPANY**, a foreign insurance company; **SENTRY INSURANCE**, a foreign insurance company; and **JOHN DOE INSURANCE**, an unknown insurer,

    Defendants.

NO. 3:11-cv-05847-RJB

PLAINTIFFS' MOTION TO DISQUALIFY JUDGE

**NOTE MOTION CALENDAR
January 13, 2012**

## I. MOTION

COME NOW Plaintiffs and move to disqualify the judge on the grounds that it appears that the judge has pre-judged a number of issues of importance in this case, including specifically issues of personal jurisdiction.

This motion is based upon the files and records herein, including the Declaration of Steven J. Thomas. A proposed form of order accompanies this motion.

PLAINTIFFS' MOTION TO
DISQUALIFY JUDGE – Page 1

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street, P.O. Box 241
Hoquiam, Washington 98550-0241
(253) 735-9354

## II. STATEMENT OF FACTS

The Declaration of Steven J. Thomas demonstrates that Travelers employed two different names in pre-litigation correspondence. Travelers also refused to provide a copy of its policy to its first-party UIM claimant. Plaintiffs' counsel did not see the Travelers policy until early December of 2011.

The Declaration of Steven J. Thomas also demonstrates that Sentry employed at least three different additional names in its correspondence. Sentry also failed to provide a copy of its policy to its first-party UIM claimant. Plaintiffs' counsel did not see the Sentry policy until early December of 2011.

## III. DISCUSSION

The disqualification of judges is provided by statute. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). *See, generally*, *Caperton v. A. T. Massey Coal Co., Inc.*, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009).

The essence of prejudice is pre-judging. There are at least two senses in which the judicial officer assigned to this case has reached judgments in this case as to issues that were not properly before him for decision.

The first sense of pre-judging relates to the manifest fact[1] that the judge decided Plaintiffs' Motion To Remand without reference to plaintiffs' timely filed reply on the motion. While a reply is optional, due to the nature of a motion to remand it is wrong for the court to rule without allowing plaintiff to reply.

From a jurisprudential standpoint, a plaintiff's motion to remand is analogous to a

---

[1] Had the court read plaintiffs' reply before writing its opinion, it would not have had to go on at length about the amount in controversy. The amount in controversy was established when Travelers filed its policy declarations in this court, making them available for the first time.

PLAINTIFFS' MOTION TO  
DISQUALIFY JUDGE – Page 2

LAW OFFICE OF STEVEN J. THOMAS  
608 Eighth Street, P.O. Box 241  
Hoquiam, Washington 98550-0241  
(253) 735-9354

defendant's motion for summary judgment.  In effect, each motion says to the opposing party, "State your factual and legal basis for being in this court."  Such motions are often bare-boned, and the meat is in the reply to the other party's response in an attempt to meet its burden of proof.  Such is this case.

Thus, the first sense in which the judge has pre-judged matters is in deciding and writing an opinion without reference to plaintiff's reply in a jurisprudential context where the reply was likely to be relevant.

The second sense in which the judge has pre-judged matters was in declaring service on the defendants to be invalid.  That is the claim of the defendants, but the claim is probably without factual or legal foundation given that the defendants were most likely served by the Office of the Insurance Commissioner.  *See* Declaration of Steven J. Thomas.

Under the facts of this case, plaintiffs were prepared to argue that actual service had been made on the defendants by the means intended by statute to confer personal jurisdiction.  Any objections by the Office of the Insurance Commissioner were incorrect and at most hypertechnical in nature. (In the case of Travelers, the OIC complained that they were being overpaid by ten dollars because they were rejecting service on Sentry.  In the case of Sentry, the OIC complained that they did not have a listing for the name, which is what one would expect in the case on an unauthorized insurer.)

These difficulties in naming the defendants was occasioned entirely by the wrongful conduct of the defendants.  The insurance companies' refusals to provide copies of their policies breaches Washington law:

> No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented.

Wash. Admin. Code 284-30-350(1).  Among the pertinent provisions not disclosed are the exact names of the insurers against whom claims are sought to be asserted.  Plaintiffs in particular were entitled to the benefit of this rule:

PLAINTIFFS' MOTION TO
DISQUALIFY JUDGE – Page 3

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street, P.O. Box 241
Hoquiam, Washington 98550-0241
(253) 735-9354

**"First party claimant" means an individual**, corporation, association, partnership or other legal entity **asserting a right as a covered person** to payment under an insurance policy or insurance contract arising out of the occurrence of the contingency or loss covered by a policy or contract.

Wash. Admin. Code 284-30-320(6)(emphasis added).  This breach of duty is related to a further breach of statutory duty: "Every insurer shall conduct its business in its own legal name."  Rev. Wash. Code 48.05.190(1).  Both Travelers and Sentry conducted business in multiple names while refusing to provide copies of their policies.

In the case of Sentry, the insurer's agent produced a policy declaration in the name of Dairyland, responded to a policy inquiry by using the name Viking Insurance Co. of Wisconsin, and then later opened a UIM claim with Patriot General Insurance Company.  All these entities are associated with Sentry.

Plaintiffs adopted a litigation strategy that was designed to give actual notice and obtain personal jurisdiction.  That strategy was based upon the idea that insurance companies cannot conceal their policies and then claim that they were not correctly named as defendants.  Further, both insurers probably received actual service and notice from the Office of the Insurance Commissioner.  Therefore, the issue presented is one where the OIC asserts a technical objection to service on behalf of the defendants (erroneously, plaintiffs contend) but nonetheless actually served the documents as intended by statute.

This motion involves the specific conduct of the judge whose disqualification is sought.  As such, it is requested that this motion be referred to another judge for decision lest the appearance be given of a judge judging his own judging.

### IV. CONCLUSION

For the reasons stated, Plaintiffs request that this motion be granted.  A proposed form of order accompanies this motion.

PLAINTIFFS' MOTION TO
DISQUALIFY JUDGE – Page 4

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street, P.O. Box 241
Hoquiam, Washington 98550-0241
(253) 735-9354

1  Dated this 29th day of December, 2011.

2

3  LAW OFFICE OF STEVEN J. THOMAS

4

5

6  By  /s Steven J. Thomas
     Steven J. Thomas, WSBA #20076

7

8  – and –

9  James K. Gazori WSBA #19900
LAW OFFICE OF JAMES K. GAZORI
10  1620 Olympic Highway North
P.O. Box 1255
11  Shelton, Washington 98584
Tel:    (360) 462-0018
12  email: jkgattorney@hctc.com

13  *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| David Lawrence Sanders WSBA #39697<br>Ryan J. Hesselgesser WSBA #40720<br>Thomas Lether WSBA #18089<br>Lether & Associates PLLC<br>3316 Fuhrman Avenue East, Suite 250<br>Seattle, Washington 98102<br>Tel:   (206) 467-5444 | Patrick Michael Paulich WSBA #10951<br><br>Thorsrud Cane & Paulich<br>1325 Fourth Avenue, Suite 1300<br>Seattle, Washington 98101<br>Tel:   (206) 386-7755 |
| *Counsel for Travelers Insurance Company* | *Counsel for Sentry Insurance* |

CERTIFIED BY:

/s Steven J. Thomas, WSBA #20076

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street
P.O. Box 241
Hoquiam, Washington 98550-0241
Tel:   (253) 735-9354
Fax:   (360) 533-1819
email: stevenjthomas@comcast.net

*Attorney for Plaintiffs*

PLAINTIFFS' MOTION TO
DISQUALIFY JUDGE – Page 6

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street, P.O. Box 241
Hoquiam, Washington 98550-0241
(253) 735-9354