UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM GASKILL and KAREN GASKILL, husband and wife, and the marital community consisting thereof,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS INSURANCE COMPANY, a foreign insurance company; SENTRY INSURANCE, a foreign insurance company; and JOHN DOE INSURANCE, an unknown insurer,<br><br>Defendants. | CASE NO. C11-5847 RJB<br><br>ORDER DECLINING PLAINTIFFS' MOTION TO DISQUALIFY JUDGE (RECUSE) AND DIRECTING MOTION TO CHIEF JUDGE PURSUANT TO W.D. WA. GR 8(C) |

This matter comes before the Court on Plaintiffs' motion to disqualify judge. Dkt. 30. The Court has considered the motion and record herein.

**INTRODUCTION AND BACKGROUND**

This motion to disqualify this Judge arises from an Order Denying Plaintiffs Motion to Remand. Dkt. 20. Plaintiffs assert that the Court's Order gives an appearance that the Court has "pre-judged a number of issues of importance in this case, including specifically issues of personal jurisdiction." Dkt. 30 pp. 1. Plaintiffs contend that the Court reached judgment as to

ORDER DECLINING PLAINTIFFS' MOTION TO
DISQUALIFY JUDGE (RECUSE) AND
DIRECTING MOTION TO CHIEF JUDGE
PURSUANT TO W.D. WA. GR 8(C)- 1

issues that were not properly before the Court. First, Plaintiffs contend that the Court decided the motion for remand without reference to Plaintiffs' reply brief. Dkt. 30 pp. 3. Second, Plaintiffs assert that the Court held that service on Defendants was invalid. *Id.*

## STANDARDS FOR RECUSAL

Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Almost invariably, they are proper grounds for appeal, not for recusal. See *Liteky v. United States*, 510 U.S. 540, 551 (1994). "In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are critical or disapproving of, or even hostile to, counsel, the parties, or their cases." *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008).

Plaintiffs are incorrect in contending the Court did not consider their reply filed in support of the motion for remand. The Court considered the reply, along with other relevant pleadings and documents, and found that remand was not appropriate. See Dkt. 20 pp. 1. L 20-21. Plaintiffs' reply argues three bases for remand: (1) removal was procedurally defective, (2) Defendant Travelers failed to establish that a forum selection clause does not limit removal, and (3) Defendant Travelers lacked standing to remove. Dkt. 19 pp. 2-6.

Addressing Plaintiffs' first argument, the Court found that it had discretion to deny the motion to remand that was based on a minor, technical procedural defect in removal that was cured beyond the 30-day removal period. Dkt. 20 pp. 8-9. See *Yellow Transportation, Inc. v. Apex Digital, Inc.*, 406 F. Supp 2d 1213 (D. Kan. 2005) and cases cited therein. Disagreement with this ruling may provide a basis for appeal, not disqualification. The second argument, disproving that a forum selection clause prevents removal, was raised for the first time in the

ORDER DECLINING PLAINTIFFS' MOTION TO
DISQUALIFY JUDGE (RECUSE) AND
DIRECTING MOTION TO CHIEF JUDGE
PURSUANT TO W.D. WA. GR 8(C)- 2

1  reply.  The Court will not consider arguments raised for the first time in a reply brief that could
2  have been, and should have been, raised in the initial motion for remand. See *Amazon.com LLC*
3  *v. Lav*, 758 F.Supp.2d 1154, 1171 (W.D. Wash. 2010).  The question of whether Defendant
4  Travelers lacked standing to remove this action was addressed in the Order.  See Dkt. 20 pp. 7-8.
5  As previously noted, disagreement with the Court's holding is not a basis for disqualification.
6  The Court considered Plaintiffs' reply and has not prejudged the issues.

7       The second basis for requesting disqualification is the assertion that the Court has held
8  that service on the Defendants was invalid.  The Court has made no such holding.  The Order
9  simply holds that a notice of appearance was filed on behalf of Travelers Indemnity as the
10 alleged appropriate Defendant and on behalf of the named non-entity Defendant, Travelers
11 Insurance. Dkt. 20 pp. 7-9.  The Order further states that it is Plaintiffs' responsibility to name
12 the proper party Defendant, and that the matter could ultimately be dismissed if the appropriate
13 parties are not brought before the Court.  *Id*.  Again, Plaintiffs may disagree with the Court's
14 observations and holding.  However, it is not pre-judging and not a basis for disqualification.

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

Plaintiffs' Motion to Disqualify Judge (Dkt. 30) is **DECLINED** and the motion **REFERRED** to the Chief Judge pursuant to W.D. Wa. GR 8(c).

Dated this 3rd day of January, 2012.

_____
ROBERT J. BRYAN
United States District Judge

ORDER DECLINING PLAINTIFFS' MOTION TO
DISQUALIFY JUDGE (RECUSE) AND
DIRECTING MOTION TO CHIEF JUDGE
PURSUANT TO W.D. WA. GR 8(C)- 3