Honorable Robert J. Bryan
Hearing Date: January 24, 2012
Without Oral Argument

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **KIM GASKILL** and **KAREN GASKILL**, husband and wife, and the marital community consisting thereof,<br><br>Plaintiffs,<br><br>vs.<br><br>**TRAVELERS INSURANCE COMPANY**, a foreign insurance company; **SENTRY INSURANCE**, a foreign insurance company; and **JOHN DOE INSURANCE**, an unknown insurer,<br><br>Defendants. | NO. 3:11-cv-05847-RJB<br><br>MOTION TO RECONSIDER ORDER DECLINING PLAINTIFFS' MOTION TO DISQUALIFY JUDGE (RECUSE)<br><br>**NOTE MOTION CALENDAR**<br>**January 24, 2012** |

## I. MOTION

Plaintiffs move for reconsideration of the Order Declining Plaintiffs' Motion To Disqualify Judge (Recuse) (hereinafter "Order"). This motion is based upon the files and records herein, including the Declaration of Steven J. Thomas and the Supplemental Declaration of Steven J. Thomas. A proposed form of order accompanied the original motion.

MOTION TO RECONSIDER
ORDER DECLINING
PLAINTIFFS' MOTION TO
DISQUALIFY JUDGE (RECUSE) – Page 1

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street, P.O. Box 241
Hoquiam, Washington 98550-0241
(253) 735-9354

## II. DISCUSSION

Motions serve both to request relief and to give notice. This motion for reconsideration does both. It involves some new material, specifically the Order, and the motion is subject to CR 7(h)(1). A motion to enlarge time is pending. Dkt. 38. The issues raised in this motion might best be presented and discussed in a series of hypotheticals that are intended to bear substantial resemblance to this case but assume particular facts to facilitate discussion.[1]

**The Judge Acted Properly But Created Apparent Bias**

The first hypothetical assumes facts that may be less favorable to the court than actual facts warrant but nonetheless concludes that the court acts properly:

> *Hypothetical No. 1*. A motion for remand and a response have been filed. The judge tentatively decides that the result is clear and directs his law clerk to write an opinion. A rule allows for the filing of a reply. A reply is filed before the opinion is issued, but the opinion is already substantially written. The judge reads the reply and decides that his opinion is unchanged. The moving party can tell from the published opinion that it was written before the reply was received. The moving party moves to disqualify the judge for apparent bias. The judge knows he acted with integrity and impartiality and believes he made the correct decision on the motion to remand. The judge denies the motion to disqualify.

The first issue is whether it is improper for a judge to direct the writing of an opinion deciding the motion before reading the reply. Courts have broad authority to control their calendars[2] and to modify or waive provisions of the local rules.[3] The best argument that the judge's conduct is improper is the contention that it constitutes an improper *ex parte* contact. A brief analysis shows the contention to be faulty and reinforces the conclusion that the judge acts properly in the hypothetical. Consider the following extreme example of an *ex parte* contact:

---

[1] *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118-19 (7th Cir. 1994) (*inter alia*, objective standard applied to litigant conduct); *but, see*, *In re Collins*, Bankr.N.D. Ill. (2000) (questioning *Pacific Dunlop Holdings*).

[2] *Agcaoili v. Gustafson*, 844 F.2d 620, 624 (9th Cir. 1988).

[3] *Capital Consultants Corp. v. Charles Williams Real Estate Inv. Corp.,* 352 F. Supp. 101, 103 (1972).

MOTION TO RECONSIDER
ORDER DECLINING
PLAINTIFFS' MOTION TO
DISQUALIFY JUDGE (RECUSE) – Page 2

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street, P.O. Box 241
Hoquiam, Washington 98550-0241
(253) 735-9354

*Hypothetical No. 2*.  Plaintiff applies in person to the court for summary judgment.  The court is informed[4] that the defendant has appeared but that no notice of the motion for summary judgment had been given to the defendant.  The court grants the *ex parte* motion for summary judgment and directs that plaintiff immediately serve the motion and order and file an appropriate proof of service.

Even in this extreme hypothetical, it is unlikely the court's handling of the matter, by itself, is a basis for a successful appeal.  The court's order remains interlocutory[5] until a final judgment is entered or a judgment is entered with FRCP 54(b) language.  The defendant can complain, object, or move for reconsideration, and the court can make such order as justice requires.  If, however, the plaintiff presents upon proper notice a proposed judgment to the court and the defendant fails to assert his objections to the faulty procedure, then defendant has probably waived the objections.

The second hypothetical, however, provides a basis to request disqualification of the judge.  Various arguments can be made that apparent bias exists where the court adopts an irregular procedure on an *ad hoc* basis that appears to favor one side over the other.[6]  Again, this is an extreme example.

The second hypothetical also implicates judicial ethics such as failing to promote confidence in the judiciary.[7] The actual *ex parte* contact is unlikely by itself, however, to be sanctionable.  The standard, permitted *ex parte* contact consists of notice or attempted notice of the *ex parte* motion followed promptly by service of the motion and the court's order.  Service of the motion and order largely cures the adverse effects of the irregular procedure, so one is left

---

[4] "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse." *Campbell v. Rice*, 408 F.3d 1166, 1173 (9th Cir. 2005) (Ferguson, J, quoting ABA Model Rules of Professional Conduct Rule 3.3(a)(4)(d) (2002)).

[5] *In re Cutter*, 398 B.R. 6 (9th Cir. Appellate Bankruptcy Panel 2008).

[6] *Huang v. Gonzales*, 453 F.3d 142, 150-51 (2d Cir. 2006) (remanding to new IJ).

[7] Wash. Code Judicial Conduct, Canon 1, Rule 1.2 (2011).

MOTION TO RECONSIDER ORDER DECLINING PLAINTIFFS' MOTION TO DISQUALIFY JUDGE (RECUSE) – Page 3

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street, P.O. Box 241
Hoquiam, Washington 98550-0241
(253) 735-9354

1 mostly with issues of appearance.

2 Even the extreme example of a clear-cut *ex parte* contact on a substantive issue, if promptly disclosed, is unlikely to result in either reversal of the case or ethical problems for the judge without some showing of improper intent. For these reasons, the judge acts properly in the first hypothetical, but may create apparent bias.

**The Court Exercised Its Discretion Upon Untenable Grounds and For Untenable Reasons**

Returning to the first hypothetical, another issue is whether there is a basis to disqualify the judge even though he acted properly. Plaintiffs have a statutory right to have a judge disqualified under 28 U.S.C. § 455(a) upon a showing of apparent bias. The judge need not have committed any error. The judge need not have done anything improper. The judge need not be shown to lack integrity. Instead the statute is addressed to the public's confidence in the judicial system more than to the sentiments and sensibilities of litigants in a particular case.[8]

The issue is whether the judge commits an error of law or abuses his discretion in denying the motion to disqualify. It is unlikely that the court errs as a matter of law in denying disqualification due to the apparently limited and isolated nature of the judicial conduct complained of; rather, the court's ruling should be reviewed on an abuse of discretion standard.[9] A court abuses its discretion when it is exercised upon untenable grounds or for untenable reasons.[10] The Order states in pertinent part:

> The second argument, disproving that a forum selection clause prevents removal, was raised for the first time in the reply. The court will not consider arguments raised for the first time in a reply brief that could have been and should have been

---

[8] *United States v. Jaramillo*, 745 F.2d 1245, 1248 (9th Cir. 1984).

[9] *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991); *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

[10] *Cooter & Gell v. Hartmarx Corp.*, 110 S.Ct. 2447, 2461 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.").

MOTION TO RECONSIDER ORDER DECLINING PLAINTIFFS' MOTION TO DISQUALIFY JUDGE (RECUSE) – Page 4

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street, P.O. Box 241
Hoquiam, Washington 98550-0241
(253) 735-9354

raised in the initial motion for remand.  See *Amazon.com LLC v. Lav*, 758 F.Supp.2d 1154, 1171 (W.D. Wash. 2010).

Dkt.31 pp. 2-3.  These grounds are untenable, and this reasoning is untenable.

**The Court Has Mischaracterized the Record**

The court has exercised its discretion upon untenable grounds because, in point of fact, the issue was explicitly raised in the original motion to remand:  "As a final note,  until it produces a policy, Travelers cannot establish a lack of a venue clause in the policy that could limit removal."  Dkt 19, pg.4.  Absent hypertechnical distinctions between "venue" and "forum," the court has exercised its discretion upon untenable grounds by mischaracterizing the record.

**The Court's Reasoning is Illogical**

The court also exercised its discretion for untenable reasons by engaging in magical thinking.  Wikipedia defines "magical thinking" as "causal reasoning that looks for correlation between acts or utterances and certain events."[11]  The oft cited example in developmental psychology is that of the four-month-old who is fascinated with an object.  When the object is lowered out of sight, the child does not look to follow it; instead, the child turns attention to another object that is in sight.  As one set of authors notes, "Her behavior implies, 'I see the toy, therefore it exists. I don't see the toy and it doesn't.'  Her worldview is a series of images based on her own experiences rather than a sequence of logical events."[12]

In a matter involving the exercise of the court's discretion, the court's stated reasoning is a basis to deny relief.  The court, however, was ruling on its subject matter jurisdiction, and no

---

[11] http://en.wikipedia.org/wiki/Magical_thinking.

[12] Poole, Carla; Miller, EdD, Susan A.; and Church, Ellen Booth, *Understanding how children use magical thinking to learn about and explore their world*, http://www.scholastic.com/teachers/article/ages-stages-how-children-use-magical-thinking.

MOTION TO RECONSIDER
ORDER DECLINING
PLAINTIFFS' MOTION TO
DISQUALIFY JUDGE (RECUSE) – Page 5

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street, P.O. Box 241
Hoquiam, Washington 98550-0241
(253) 735-9354

exercise of discretion was involved.[13]  The issue of subject matter jurisdiction is not waivable and almost never goes away.[14]  The issue does not go away merely by not thinking about it or not looking at it.  Even if the issue had not been raised previously, it can be raised at any time, even for the first time on appeal.[15]  Accordingly, the contention that the issue was not raised in the original motion, while untrue, is also irrelevant to any cognizable legal issue in this case except possibly one:  Whether the judge acted improperly in at least tentatively deciding the motion to remand before seeing the reply.  That issue, however, was not before the court and should not have been a basis for denying a motion to disqualify based upon apparent bias.  Accordingly, the court's reasoning is untenable.

Second, the court exercised its discretion in denying recusal[16] for the untenable reason that the court had not ruled upon the issue of validity of service.  While true, the statement rather misses the point.  If the claim is that the court has pre-judged something, then by necessity the court has not had the issue presented to it and has not ruled on it .  To reply to a complaint of having pre-judged an issue with the tautology that the issue remains undecided would be sophistry but for plaintiffs' inartful and awkward presentation of the issue to the court.

Plaintiffs more properly frame the issue of apparent bias by stating that the court has expressed a strong, clear view on an issue that is likely to be presented to the court.  The court stated, "Although not properly served as a Defendant, Travelers Indemnity entered an appearance

---

[13] *Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 664 (9th Cir. 2002); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001).

[14] *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 385 F.3d 1206, 1224-25 (9th Cir. 2004); *Sheet Metal Workers International Association v. Air Systems Engineering Inc.*, 915 F.2d 567 (9th Cir. 1990).

[15] *Arbaugh v. Y & H Corporation*, 126 S.Ct. 1235, 1236, 546 U.S. 500, 163 L.Ed.2d 1097 (2006); *Grupo Dataflux v. Atlas Global Group, L.P.*, 124 S.Ct. 1920, 1924, 541 U.S. 567, 158 L.Ed.2d 866 (2004).

[16] Plaintiffs conceptualize "recusal" as a subset of "disqualification" where the decision is discretionary with the judicial officer whose disqualification is sought, as in this case.

on behalf of the improperly name Travelers Insurance Company." Dkt. 20 pg. 3.  A reasonable person might conclude that plaintiffs will have difficulty in getting an impartial hearing on a request to confirm service on the defendants.

**The Court's Order is Directed At Actual Bias Instead of Apparent Bias**

As a whole, the Order is more addressed to justifying the court's handling of the motion to remand than to the issue of apparent bias.  Further, plaintiffs note that the court cited *Larson v. Palmateer*, 515 F.3d 1057, 1060 (9th Cir. 2008) (extra-judicial source rule), *but, see*, *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). "[T]here is not much doctrine to the doctrine." 510 U.S. at 553.

Some thoughts on bias and the extra-judicial source rule: *Some actual bias is good. Apparent bias is bad*.  While it is often stated that judges should be free of actual bias, an examination of the cases shows that the concern is with bias for or against a particular party and/or with the specific issues before the court.  *Id.*.  It is well understood that judges are not supposed to be value-free and content neutral. *Id.* Society wants judges with all kinds of biases that operate for the benefit of that society, and in turn those biases are reflected in the judge's rulings. *Id.* The idea that one can claim a cognizable bias based upon the discovery that the judge, *e.g.*, disfavors criminals, is repudiated as the central tenant of the extra-judicial source rule. *Id.*

**Where There Is a Duty To Disclose, Notice Such as This Invokes That Duty**

Subsequent to the Order, additional possibilities have come to plaintiffs' attention that are discussed in further hypotheticals.  These hypotheticals are intended to give notice and to frame the motion for reconsideration of the Order in a larger context.  The Travelers Indemnity Company will argue that the hypotheticals are irrelevant, that they constitute speculation, and that they are not evidence.  That would be true if plaintiffs were affirmatively requesting relief based

MOTION TO RECONSIDER
ORDER DECLINING
PLAINTIFFS' MOTION TO
DISQUALIFY JUDGE (RECUSE) – Page 7

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street, P.O. Box 241
Hoquiam, Washington 98550-0241
(253) 735-9354

thereon, but plaintiffs merely give notice to others who have a duty to disclose.[17]  Consider the duty of a party to disclose in the following hypothetical:

> *Hypothetical No. 3*.  A UIM insurer refuses to provide a copy of the policy to plaintiffs because it has determined that plaintiffs are not insureds under its policy.  Plaintiffs commence suit in state court and begin discovery about policies and insurers.  Just as answers to the discovery were due, defendant removes to federal court and thereafter refuses to cooperate with informal discovery attempts.  Defendant justifies this course conduct as exercising its legal rights under the state and federal rules of civil procedure.

An analysis of this issue turns on whether the UIM insurer had a pre-litigation duty to disclose[18] and/or whether it had any improper purpose[19] such as delaying discovery of the insurance policy until after the three-year statute of limitations applicable to the tortfeasors.  If so, that duty continues into litigation and the defendant's attorneys become part of an ongoing breach of duty owed by the UIM insurer to a first party claimant.  Consider another hypothetical:

> *Hypothetical No. 4*.  InsureCo A and InsureCo B are affiliated companies.  InsureCo C is also registered.  All three share the same physical address and telephone number in another state.  Plaintiffs commence suit against InsureCo C.  InsureCo A appears, asserts that InsureCo C does not exist, and removes to federal court.  Thereafter, InsureCo does not volunteer any information about the corporate structures involved except to state that InsureCo A is owned by InsureCo D.

Here the duty is to disclose all material facts in invoking the federal court's jurisdiction.  Unlike the duty to disclose in Hypothetical No. 3 where the duty was to a private party, here the duty is to the court.

With these examples of a continuing duty to disclose, plaintiffs give notice of various matters with respect to which plaintiffs seek explicitly to invoke the duty to disclose from the

---

[17] See, e.g., *United States v. Bosch*, 951 F.2d 1546, 1551-56 (9th Cir. 1991) (O'Scannlain, dissenting); *In re Complaint Concerning Judge John T. McDonough*, 296 N.W.2d 648, 697 (Minn. 1979) (Sheran, CJ, dissenting).

[18] *Weber V. State Farm Mut. Auto. Ins. Co.*, 873 F. Supp. 201, 206 (S.D. Iowa 1994) (duty to disclose policy); *Ramirez v. USAA Casualty Insurance Co.*, 234 Cal. App. 3d 391, 399, 285 Cal. Rptr. 757 (1991) (duty to disclose policy).

[19] *Hewitt v. City of Stanton*, 798 F.2d 1230 (9th Cir. 1986).

court and from counsel.  "[T]he statute places on the judge a personal duty to disclose on the record any circumstances that may give rise to a reasonable question about his impartiality." *United States v. Murphy*, 768 F.2d 1518 (1985).  Consider the following hypothetical:

> *Hypothetical No. 5*.  After remand is denied, plaintiff asserts his claims in another action in state court.  Defendant files a motion to dismiss the federal case and proposes an order with sweeping *res judicata* and collateral estoppel effects as to issues, parties, and non-parties.  The judge's law clerk informs defendant's counsel that the proposed order is over broad, and the motion is withdrawn.

This would be a permissible *ex parte* contact if it were reported to plaintiffs.  As discussed above, almost all *ex parte* contacts, even if irregular, are cured by notice of the court's action and an opportunity later to be heard.  The evil, so to speak, is not in the contact itself but in the failure subsequently to disclose the contact.  In the hypothetical, the law clerk has provided one party with an advisory opinion[20] on an important issue in the case, to wit, the effect of dismissal of the removed case on the pending state court proceedings.

An oft utilized but mistaken rationalization is that the *ex parte* contact is about a procedural matter, such as the form of an order.  Procedural matters, however, are merely one category of permitted *ex parte* contacts.  The duty subsequently to disclose the contact applies to all *ex parte* contacts whether procedural or not.[21]

In any event, in the cited hypothetical, the wording of an order of dismissal is a substantive issue.  The test should be if the other side is going to complain, then the matter should be thought of as affecting a significant right of another and, hence, not merely procedural.

Accordingly, plaintiffs request disclosure from the court and from counsel of all matters that might lend support to the disqualification of the judicial officer assigned to this case.

---

[20] *Fidelity National Bank & Trust Company Kansas City, et al. v. Swope, et al.*, 47 S. Ct. 511, 514-15, 274 U.S. 123 (1927).

[21] *In re Complaint of Judicial Misconduct*, 425 F.3d 1179, 1183-84 (9th Cir. 2005) (Kozinski, J, dissenting).

MOTION TO RECONSIDER ORDER DECLINING PLAINTIFFS' MOTION TO DISQUALIFY JUDGE (RECUSE) – Page 9

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street, P.O. Box 241
Hoquiam, Washington 98550-0241
(253) 735-9354

### III. CONCLUSION

The court exercised its discretion on untenable grounds and for untenable reasons in its Order. A proposed form of order was submitted with the original motion.

Dated this 24th day of January, 2012.

LAW OFFICE OF STEVEN J. THOMAS

By   /s Steven J. Thomas
    Steven J. Thomas, WSBA #20076

– and –

James K. Gazori WSBA #19900
LAW OFFICE OF JAMES K. GAZORI
1620 Olympic Highway North
P.O. Box 1255
Shelton, Washington 98584
Tel:   (360) 462-0018
email: jkgattorney@hctc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| David Lawrence Sanders WSBA #39697<br>Ryan J. Hesselgesser WSBA #40720<br>Thomas Lether WSBA #18089<br>Lether & Associates PLLC<br>3316 Fuhrman Avenue East, Suite 250<br>Seattle, Washington 98102<br>Tel:   (206) 467-5444 | Patrick Michael Paulich WSBA #10951<br><br><br>Thorsrud Cane & Paulich<br>1325 Fourth Avenue, Suite 1300<br>Seattle, Washington 98101<br>Tel:   (206) 386-7755 |
| *Counsel for Travelers Insurance Company* | *Counsel for Sentry Insurance* |

CERTIFIED BY:

/s Steven J. Thomas, WSBA #20076

LAW OFFICE OF STEVEN J. THOMAS
608 Eighth Street
P.O. Box 241
Hoquiam, Washington 98550-0241
Tel:   (253) 735-9354
Fax:   (360) 533-1819
email:  stevenjthomas@comcast.net

*Attorney for Plaintiffs*