# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

KIM GASKILL,

        Plaintiff,

   v.

TRAVELERS INSURANCE COMPANY,

        Defendant.

CASE NO. C11-5847 RJB

ORDER ON MOTION TO DISQUALIFY JUDGE

The Court, having received and reviewed:

1. Plaintiffs' Motion to Disqualify Judge (Dkt. No. 30)
2. Order Declining Plaintiffs' Motion to Disqualify Judge (Recuse) and Directing Motion to Chief Judge Pursuant to W.D.WA. GR 8(C)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED the motion to disqualify is DENIED.

The standards for recusal are set forth in Judge Bryan's order of January 3, 2012. Although a judge must recuse himself if a reasonable person would believe that he is unable to be impartial (Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993)), a litigant may not use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source (United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)).

This motion to disqualify arises out of Judge Bryan's Order Denying Plaintiffs' Motion to Remand. Dkt. No. 20. Plaintiffs claim that the order creates the impression that Judge Bryan has "pre-judged a number of issues of importance in this case, including specifically issues of personal jurisdiction." Dkt. No. 30, p. 1. Plaintiffs allege that the Court reached its decision to deny remand without reviewing their reply brief, and further assert that the Court held that service on Defendants was invalid. Id., p. 3.

Initially, this Court finds that a review of the pleadings makes clear that (1) Judge Bryan did review and respond to Plaintiffs' reply briefing in his order (*see* Dkt. No. 20, pp. 1, 7-9), and (2) the order at issue did not hold that service on the Defendants was invalid (merely that Plaintiffs had the ultimate responsibility to identify the proper party Defendant; id.). More significantly in the context of a motion to recuse, a judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued an adverse ruling.

In order to overcome this presumption, Plaintiffs would have to show that facts outside the record influenced decisions or that the presiding judicial officer's rulings were so irrational that they must be the result of prejudice. Plaintiffs do not allege any facts outside the record that improperly influenced the decisions in this matter. Plaintiffs have identified no error of law or fact, much less a determination that was so outlandish as to give rise to an inference of bias.

Plaintiffs may disagree with Judge Bryan's rulings but that is a basis for appeal, not disqualification. As Plaintiffs have cited no extrajudicial source of bias, the Court finds that Judge Bryan's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, Plaintiffs request for recusal is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated: January 27, 2012.

Marsha J. Pechman
Chief United States District Judge