UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM GASKILL and KAREN GASKILL, husband and wife, and the marital community consisting thereof,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS INSURANCE COMPANY, a foreign insurance company; SENTRY INSURANCE, a foreign insurance company; and JOHN DOE INSURANCE, an unknown insurer,<br><br>Defendants. | CASE NO. C11-5847 RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiffs' motion for reconsideration of the Order declining Plaintiffs' motion to disqualify judge. Dkt. 40. The Court has considered the motion and the record herein.

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the

ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION- 1

1  court earlier, through reasonable diligence.  The term "manifest error" is "an error that is plain
2  and indisputable, and that amounts to a complete disregard of the controlling law or the credible
3  evidence in the record."  *Black's Law Dictionary* 622 (9th ed. 2009).
4       Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of
5  finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d
6  877, 890 (9th Cir. 2000).  "[A] motion for reconsideration should not be granted, absent highly
7  unusual circumstances, unless the district court is presented with newly discovered evidence,
8  committed clear error, or if there is an intervening change in the controlling law." *Marlyn*
9  *Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Neither
10 the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for
11 reconsideration, is intended to provide litigants with a second bite at the apple.  A motion for
12 reconsideration should not be used to ask a court to rethink what the court had already thought
13 through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.
14 Ariz. 1995).  Mere disagreement with a previous order is an insufficient basis for
15 reconsideration, and reconsideration may not be based on evidence and legal arguments that
16 could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT &*
17 *T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is
18 committed to the sound discretion of the court." N*avajo Nation v. Confederated Tribes & Bands*
19 *of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).
20      This Court has declined Plaintiffs' motion for recusal.  Dkt. 31.  The Chief United States
21 District Judge has ordered that the motion to disqualify is denied.  Dkt. 41.  The Plaintiffs have
22 not presented the Court with newly discovered evidence, that there has been an intervening
23
24

change in the controlling law, or that clear error has been committed. Plaintiffs have not made the requisite showing for reconsideration under CR 7(h)(1).

Therefore, it is hereby **ORDERED** that:

Plaintiffs' motion for reconsideration (Dkt. 40) is **DENIED**.

Dated this 30th day of January, 2012.

_____
ROBERT J. BRYAN
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION- 3