UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM GASKILL and KAREN GASKILL, husband and wife, and the marital community consisting thereof,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS INSURANCE COMPANY, a foreign insurance company; SENTRY INSURANCE, a foreign insurance company; and JOHN DOE INSURANCE, an unknown insurer,<br><br>Defendants. | CASE NO. C11-5847 RJB<br><br>ORDER GRANTING MOTION TO AMEND ANSWER AND TO ADD COUNTERCLAIMS |

This matter comes before the Court on the motion of Travelers Indemnity Company to amend its Answer and to add Counterclaims. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

**INTRODUCTION AND BACKGROUND**

Plaintiffs' Complaint seeks judgment "declaring insurance coverage, awarding damages for bad faith and for prejudgment interest, enforcing contractual provisions such as arbitration

ORDER GRANTING MOTION TO AMEND
ANSWER AND TO ADD COUNTERCLAIMS- 1

1  clauses and policy limits, awarding plaintiffs their costs and reasonable attorneys' fees, and such
2  other relief as the court deems just and equitable in the premises." Dkt. 1 pp. 14.  Although the
3  Complaint refers to Travelers Insurance Company, the facts alleged in the Complaint indicated
4  that the claim potentially involved an insured of Travelers Indemnity Company, Tri-State
5  Construction.  Travelers Indemnity Company insured Tri-State Construction under policy
6  number DT-810-348K0141-IND-08 with policy period of September 30, 2008 to September 30,
7  2009.  Dkt. 18-2 pp. 2-6

8       On the belief that Plaintiffs named the wrong party, Travelers Indemnity had counsel
9  enter an appearance on behalf of the non-entity Travelers Insurance Company and Travelers
10 Indemnity.  Travelers Indemnity also agreed to stipulate to permit Plaintiffs to amend their
11 complaint to substitute the correct insuring entity for the non-entity, Travelers Insurance
12 Company.  Dkt. 18-7 pp. 2-8; Dkt. 25 pp. 9-13.  Plaintiffs have not agreed to the stipulation and
13 as of this date have not substituted Travelers Indemnity as the named defendant.

14      Travelers Indemnity requests an amendment to allow a counterclaim for Fed. R Civ. P.
15 11 sanctions for asserting this claim for an improper purpose and for failure to properly
16 investigate its claim prior to filing, and for a declaration that coverage does not exist under the
17 policy issued by Travelers Indemnity to Tri-State Construction.  Dkt. 22.

18      The Plaintiffs' response argues that the requested amendment seeking sanctions lacks
19 merit and that permitting such amendment would demonstrate the Court's bias against Plaintiffs'
20 counsel.

21                      **STANDARDS FOR AMENDMENT OF PLEADINGS**

22      Federal Rule of Civil Procedure 15(a) deals with amendments to pleadings.  Once a
23 responsive pleading has been filed, "a party may amend the party's pleading only by leave of
24

court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) allows for amendments by leave of court despite the lack of written consent from the adverse party. While the district court maintains the discretion to decide whether to grant or deny a motion to amend, the Rule specifies that such "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). See *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). In exercising its discretion, a court must be guided by the underlying purpose of Rule 15 - to facilitate a decision on the merits rather than on the pleadings or technicalities. Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987).

Some limitations exist on this extremely liberal policy favoring amendments. Motions to amend may be denied for the following reasons: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *United States v. SmithKline Beecham*, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001); *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001). Generally, the determination of whether an amendment should be allowed should be performed with all inferences in favor of granting the motion. *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999). The party opposing amendment bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend. *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

1     Plaintiffs have not shown any of the requisite reasons to deny the motion to amend. Although Plaintiff argues a lack of merit to the amendment, it appears that the amendment merely seeks to move this litigation to a proper resolution on the merits on all issues between the parties.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

Travelers Indemnity Company's Motion to Amend Answer and to Add Counterclaims is GRANTED. The amended pleadings shall be served and filed no later than February 10, 2012.

Dated this 31st day of January, 2012.

*(signature)*

ROBERT J. BRYAN
United States District Judge