1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

KIM GASKILL and KAREN GASKILL,
husband and wife, and the marital
community consisting thereof,

12

Plaintiffs,

13

v.

14

TRAVELERS INSURANCE
COMPANY, a foreign insurance
company; SENTRY INSURANCE, a
foreign insurance company; and JOHN
DOE INSURANCE, an unknown insurer,

15

16

17

Defendants.

18

CASE NO. C11-5847 RJB

ORDER GRANTING PATRIOT
GENERAL INSURANCE
COMPANY'S MOTION FOR
SUMMARY JUDGMENT

19       This matter comes before the Court on Patriot General Insurance Company's Motion for

20 Summary Judgment.  Dkt. 91.  The Court has considered the pleadings in support of and in

21 opposition to the motion and the record herein.

22                          **INTRODUCTION AND BACKGROUND**

23       Plaintiffs filed the instant action in Mason County Superior Court, State of Washington,

24 on September 2, 2011. Dkt. 1 pp.12-18.  The Complaint names as Defendants Travelers

1   Insurance Company, a foreign insurance company, and Sentry Insurance Company, a foreign

2   insurance company.[1]  Dkt. 1 pp. 12.  Travelers Indemnity removed the case to this Court.  Dkt. 1.

3          Plaintiffs' Complaint alleges that on December 8, 2008, Plaintiff Kim Gaskill was driving

4   a vehicle owned by Michael Gaskill.  Kim Gaskill observed Christmas trees fall off a trailer

5   being towed by another vehicle owned and driven by Michael Gaskill.  Plaintiff stopped on the

6   roadway to pull the trees off the roadway.  While on the roadway, Plaintiff was struck by a

7   vehicle operated by Gregory Clearly and owned by Tri-State Construction.  Dkt. 1 pp. 13.

8          The Complaint alleges that Michael Gaskill was insured with respect to both of his

9   vehicles by Sentry Insurance, a foreign insurance company, d/b/a Dairyland Insurance and

10  Viking Insurance.  Dkt. 1 pp. 13.  The Complaint further alleges that the Tri-State vehicle was

11  insured by Travelers Insurance Company, a foreign insurance company.

12         The Complaint asserts that Plaintiff was using the vehicles owned by Michael Gaskill and

13  Tri-State Construction and was, therefore, a class 2 insured under Sentry and Travelers'

14  underinsured motorist (UIM) coverages. Dkt. 1 pp. 13-14.

15         The request for relief provides that "Plaintiffs request a judgment declaring insurance

16  coverage, awarding damages for bad faith, and for pre-judgment interest, enforcing contractual

17  provisions such as arbitration clauses and policy limits, and awarding plaintiffs their costs and

18  reasonable attorneys' fees, and such other relief as the court deems just and equitable in the

19  premises." Dkt. 1 pp. 14.

20         On December 2, 2011, Plaintiffs received discovery showing that Michael Gaskill's auto

21  insurer was not Sentry Insurance, but Patriot General Insurance Company.  Dkt. 56 pp. 2, 15-16

22  _____

23      [1] An Amended Complaint was filed on December 12, 2011, adding Gregory Clearly, Tri-
    State Construction, Inc. and Michael Gaskill as defendants and asserting claims of negligence
24  against these defendants.

ORDER GRANTING PATRIOT GENERAL
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT- 2

1    and Dkt. 46 pp. 2.  This Court granted Patriot General Insurance Company's motion to intervene

2    as the proper entity that issued the insurance policy under which Plaintiffs seek coverage.  Dkt.

3    77.

4          Patriot General Insurance Company moves for summary judgment seeking dismissal of

5    Plaintiff' claims in their entirety.

6                          **SUMMARY JUDGMENT STANDARDS**

7          Summary judgment is appropriate only when the pleadings, depositions, answers to

8    interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories,

9    and other materials in the record show that "there is no genuine issue as to any material fact and

10   the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In assessing a

11   motion for summary judgment, the evidence, together with all inferences that can reasonably be

12   drawn therefrom, must be read in the light most favorable to the party opposing the motion.

13   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of*

14   *Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

15         The moving party bears the initial burden of informing the court of the basis for its

16   motion, along with evidence showing the absence of any genuine issue of material fact.  *Celotex*

17   *Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of

18   proof, the moving party must make a showing that is sufficient for the court to hold that no

19   reasonable trier of fact could find other than for the moving party.  *Idema v. Dreamworks, Inc.*,

20   162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

21         To successfully rebut a motion for summary judgment, the non-moving party must point

22   to facts supported by the record which demonstrate a genuine issue of material fact.  *Reese v.*

23   *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact that might

24

ORDER GRANTING PATRIOT GENERAL
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT- 3

1    affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477

2    U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue,

3    summary judgment is not appropriate.  *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983). A

4    dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable

5    jury could return a verdict for the nonmoving party."  *Anderson,* at 248.  The mere existence of a

6    scintilla of evidence in support of the party's position is insufficient to establish a genuine

7    dispute; there must be evidence on which a jury could reasonably find for the party.  *Id*., at 252.

8         The instant action was removed to this Court based on diversity of the parties.

9    Accordingly, the issues presented are governed by Washington State law.  See *Insurance Co. N.*

10   *Am. v. Federal Express Corp*., 189 F.3d 914, 919 (9th Cir. 1999).  Washington State law is clear

11   that the interpretation of policy language contained in an insurance contract is a question of law.

12   *Butzberger v. Foster*, 151 Wn.2d 396, 401 (2004); *State Farm General Ins. Co. v. Emerson*, 102

13   Wn.2d 477, 480 (1984).  Where there are no material facts in dispute, interpretation of the

14   language at issue is appropriately decided on summary judgment.  See *American Bankers Ins. v.*

15   *N.W. Nat. Ins*., 198 F.3d 1332 (11th Cir. 1999).

16                    **INSURANCE COVERAGE AND BAD FAITH**

17        Plaintiffs' Complaint seeks underinsured motorist (UIM) coverage under a policy of

18   insurance issued to Michael Gaskill and damages for bad faith.  It is undisputed that Michael

19   Gaskill was insured by Patriot General Insurance Company, not Sentry Insurance.  Dkt. 56 pp. 2,

20   15-16; Dkt. 46 pp. 2; Dkt. 92-1.  The Declarations Page of the policy of insurance issued to

21   Michael identifies the company providing the insurance as Patriot General Insurance Company.

22   Dkt. 56 pp. 2, 15-16; Dkt. 92-1 pp. 2-3.  Patriot is an entity that is owned by, but completely

23   separate from, Sentry Insurance a Mutual Company.  Dkt. 90 pp. 1-3.  Sentry Insurance a Mutual

24

1  Company did not issue any automobile insurance policy to Michael Ellis Gaskill.  *Id.*  Plaintiffs

2  are not entitled to UIM coverage from an insurer that did not issue the policy of insurance at

3  issue.

4         An insurer does not have a duty of good faith to third parties. See *Tank v. State Farm*

5  *Fire & Cas. Co.*, 105 Wn.2d 381, 393, 715 P.2d 1133 (1986).   While an insured may make a

6  claim against his insurer for bad faith, it does not follow that a person injured by the insured and

7  who is not a party to the insurance contract may complain of the bad faith of the insurer.  Kim

8  Gaskill does not qualify as an insured person under any Sentry policy. Because he is not an

9  insured, he cannot maintain a claim for bad faith against Sentry Insurance.  In regards to Sentry

10  Insurance, Plaintiff Kim Gaskill is simply a third party with no right of action against Sentry

11  Insurance for a claim of bad faith.  See *Planet Ins. Co. v. Wong*, 74 Wn.App. 905, 909

12  (1994)(injured third party has no right of action against insurance company for bad faith).

13         In response to Sentry Insurance's motion, Plaintiffs argue that the conduct of Sentry

14  Insurance satisfies the elements of a private Consumer Protection Act (CPA) claim.[2]  Dkt. 100

15  pp. 3-4.  Plaintiffs cite to a Washington Office of the Insurance Commissioner regulation, WAC

16  284-30-350(1),  that provides "No insurer shall fail to fully disclose to first party claimants all

17  pertinent benefits, coverages or other provisions of an insurance policy or insurance contract

18  under which a claim is presented."  Plaintiffs contend that a violation of this regulation supports

19  a CPA claim.

20         It is apparent, however, that Sentry Insurance did not violate this provision.  Sentry did

21  not issue a policy of insurance to Michael Gaskill.  There was no violation of  the duty to

22  disclose coverages where none existed.

23  _____

24         [2] It is noted that Plaintiffs' Complaint does not specifically assert a CPA claim.

1    There are no genuine issues of material fact and Sentry Insurance a Mutual Company is

2  entitled to summary judgment.

3                                    **CONCLUSION**

4    Therefore, it is hereby **ORDERED:**

5    Sentry Insurance a Mutual Company's Motion for Summary Judgment (Dkt. 89) is

6    **GRANTED**.  All claims against Sentry Insurance A Mutual Company are **DISMISSED**

7    **WITH PREJUDICE**.

8    Dated this 16th day of April, 2012.

9

10

11                   ROBERT J. BRYAN
                      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING PATRIOT GENERAL
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT- 6