UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM GASKILL and KAREN GASKILL, husband and wife, and the marital community consisting thereof,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS INSURANCE COMPANY, a foreign insurance company; SENTRY INSURANCE, a foreign insurance company; and JOHN DOE INSURANCE, an unknown insurer,<br><br>Defendants. | CASE NO. C11-5847 RJB<br><br>ORDER GRANTING PATRIOT GENERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Patriot General Insurance Company's Motion for Summary Judgment. Dkt. 91. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

**INTRODUCTION AND BACKGROUND**

Plaintiffs filed the instant action in Mason County Superior Court, State of Washington, on September 2, 2011. Dkt. 1 pp.12-18. The Complaint names as Defendants Travelers

Insurance Company, a foreign insurance company, and Sentry Insurance Company, a foreign insurance company.[1] Dkt. 1 pp. 12. Travelers Indemnity removed the case to this Court. Dkt. 1.

Plaintiffs' Complaint alleges that on December 8, 2008, Plaintiff Kim Gaskill was driving a vehicle owned by Michael Gaskill. Kim Gaskill observed Christmas trees fall off a trailer being towed by another vehicle owned and driven by Michael Gaskill. Plaintiff stopped on the roadway to pull the trees off the roadway. While on the roadway, Plaintiff was struck by a vehicle operated by Gregory Clearly and owned by Tri-State Construction. Dkt. 1 pp. 13.

The Complaint alleges that Michael Gaskill was insured with respect to both of his vehicles by Sentry Insurance, a foreign insurance company, d/b/a Dairyland Insurance and Viking Insurance. Dkt. 1 pp. 13. The Complaint further alleges that the Tri-State vehicle was insured by Travelers Insurance Company, a foreign insurance company.

The Complaint asserts that Plaintiff was using the vehicles owned by Michael Gaskill and Tri-State Construction and was, therefore, a class 2 insured under Sentry and Travelers' underinsured motorist (UIM) coverages. Dkt. 1 pp. 13-14.

The request for relief provides that "Plaintiffs request a judgment declaring insurance coverage, awarding damages for bad faith, and for pre-judgment interest, enforcing contractual provisions such as arbitration clauses and policy limits, and awarding plaintiffs their costs and reasonable attorneys' fees, and such other relief as the court deems just and equitable in the premises." Dkt. 1 pp. 14.

On December 2, 2011, Plaintiffs received discovery showing that Michael Gaskill's auto insurer was not Sentry Insurance, but Patriot General Insurance Company. Dkt. 56 pp. 2, 15-16

---

[1] An Amended Complaint was filed on December 12, 2011, adding Gregory Clearly, Tri-State Construction, Inc. and Michael Gaskill as defendants and asserting claims of negligence against these defendants.

and Dkt. 46 pp. 2. This Court granted Patriot General Insurance Company's motion to intervene as the proper entity that issued the insurance policy under which Plaintiffs seek coverage. Dkt. 77.

Patriot General Insurance Company moves for summary judgment seeking dismissal of Plaintiff' claims in their entirety.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party. *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact that might

affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *Id*., at 252.

The instant action was removed to this Court based on diversity of the parties. Accordingly, the issues presented are governed by Washington State law. See *Insurance Co. N. Am. v. Federal Express Corp*., 189 F.3d 914, 919 (9th Cir. 1999). Washington State law is clear that the interpretation of policy language contained in an insurance contract is a question of law. *Butzberger v. Foster*, 151 Wn.2d 396, 401 (2004); *State Farm General Ins. Co. v. Emerson*, 102 Wn.2d 477, 480 (1984). Where there are no material facts in dispute, interpretation of the language at issue is appropriately decided on summary judgment. See *American Bankers Ins. v. N.W. Nat. Ins*., 198 F.3d 1332 (11th Cir. 1999).

## INSURANCE COVERAGE AND BAD FAITH

Plaintiffs' Complaint seeks underinsured motorist (UIM) coverage under a policy of insurance issued to Michael Gaskill and damages for bad faith. It is undisputed that Michael Gaskill was insured by Patriot General Insurance Company, not Sentry Insurance. Dkt. 56 pp. 2, 15-16; Dkt. 46 pp. 2; Dkt. 92-1. The Declarations Page of the policy of insurance issued to Michael identifies the company providing the insurance as Patriot General Insurance Company. Dkt. 56 pp. 2, 15-16; Dkt. 92-1 pp. 2-3. Patriot is an entity that is owned by, but completely separate from, Sentry Insurance a Mutual Company. Dkt. 90 pp. 1-3. Sentry Insurance a Mutual

Company did not issue any automobile insurance policy to Michael Ellis Gaskill. *Id.* Plaintiffs are not entitled to UIM coverage from an insurer that did not issue the policy of insurance at issue.

An insurer does not have a duty of good faith to third parties. See *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 393, 715 P.2d 1133 (1986). While an insured may make a claim against his insurer for bad faith, it does not follow that a person injured by the insured and who is not a party to the insurance contract may complain of the bad faith of the insurer. Kim Gaskill does not qualify as an insured person under any Sentry policy. Because he is not an insured, he cannot maintain a claim for bad faith against Sentry Insurance. In regards to Sentry Insurance, Plaintiff Kim Gaskill is simply a third party with no right of action against Sentry Insurance for a claim of bad faith. See *Planet Ins. Co. v. Wong*, 74 Wn.App. 905, 909 (1994)(injured third party has no right of action against insurance company for bad faith).

In response to Sentry Insurance's motion, Plaintiffs argue that the conduct of Sentry Insurance satisfies the elements of a private Consumer Protection Act (CPA) claim.[2] Dkt. 100 pp. 3-4. Plaintiffs cite to a Washington Office of the Insurance Commissioner regulation, WAC 284-30-350(1), that provides "No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented." Plaintiffs contend that a violation of this regulation supports a CPA claim.

It is apparent, however, that Sentry Insurance did not violate this provision. Sentry did not issue a policy of insurance to Michael Gaskill. There was no violation of the duty to disclose coverages where none existed.

---

[2] It is noted that Plaintiffs' Complaint does not specifically assert a CPA claim.

ORDER GRANTING PATRIOT GENERAL
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT- 5

There are no genuine issues of material fact and Sentry Insurance a Mutual Company is entitled to summary judgment.

## CONCLUSION

Therefore, it is hereby **ORDERED:**

Sentry Insurance a Mutual Company's Motion for Summary Judgment (Dkt. 89) is **GRANTED**. All claims against Sentry Insurance A Mutual Company are **DISMISSED WITH PREJUDICE**.

Dated this 16th day of April, 2012.

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING PATRIOT GENERAL
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT- 6