UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM GASKILL and KAREN GASKILL, husband and wife, and the marital community consisting thereof,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS INSURANCE COMPANY, a foreign insurance company; SENTRY INSURANCE, a foreign insurance company; and JOHN DOE INSURANCE, an unknown insurer,<br><br>Defendants. | CASE NO. C11-5847 RJB<br><br>ORDER GRANTING PATRIOT GENERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Patriot General Insurance Company's Motion for Summary Judgment. Dkt. 91. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

**INTRODUCTION AND BACKGROUND**

Plaintiffs filed the instant action in Mason County Superior Court, State of Washington, on September 2, 2011. Dkt. 1 pp.12-18. The Complaint names as Defendants Travelers

Insurance Company, a foreign insurance company, and Sentry Insurance Company, a foreign insurance company.[1] Dkt. 1 pp. 12. Travelers Indemnity removed the case to this Court. Dkt. 1.

Plaintiffs' Complaint alleges that on December 8, 2008, Plaintiff Kim Gaskill was driving a vehicle owned by Michael Gaskill. Kim Gaskill observed Christmas trees fall off a trailer being towed by another vehicle owned and driven by Michael Gaskill. Plaintiff stopped on the roadway to pull the trees off the roadway. While on the roadway, Plaintiff was struck by a vehicle operated by Gregory Clearly and owned by Tri-State Construction. Dkt. 1 pp. 13.

The Complaint alleges that Michael Gaskill was insured with respect to both of his vehicles by Sentry Insurance, a foreign insurance company, d/b/a Dairyland Insurance and Viking Insurance. Dkt. 1 pp. 13. The Complaint further alleges that the Tri-State vehicle was insured by Travelers Insurance Company, a foreign insurance company.

The Complaint asserts that Plaintiff was using the vehicles owned by Michael Gaskill and Tri-State Construction and was, therefore, a class 2 insured under Sentry and Travelers' underinsured motorist (UIM) coverages. Dkt. 1 pp. 13-14.

The request for relief provides that "Plaintiffs request a judgment declaring insurance coverage, awarding damages for bad faith, and for pre-judgment interest, enforcing contractual provisions such as arbitration clauses and policy limits, and awarding plaintiffs their costs and reasonable attorneys' fees, and such other relief as the court deems just and equitable in the premises." Dkt. 1 pp. 14.

On December 2, 2011, Plaintiffs received discovery showing that Michael Gaskill's auto insurer was not Sentry Insurance, but Patriot General Insurance Company. Dkt. 56 pp. 2, 15-16

---

[1] An Amended Complaint was filed on December 12, 2011, adding Gregory Clearly, Tri-State Construction, Inc. and Michael Gaskill as defendants and asserting claims of negligence against these defendants.

ORDER GRANTING PATRIOT GENERAL
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT- 2

and Dkt. 46 pp. 2. This Court granted Patriot General Insurance Company's motion to intervene as the proper entity that issued the insurance policy under which Plaintiffs seek coverage. Dkt. 77.

Patriot General Insurance Company moves for summary judgment seeking dismissal of Plaintiff' claims in their entirety.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party. *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact that might

1  affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477
2  U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue,
3  summary judgment is not appropriate. *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983). A
4  dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable
5  jury could return a verdict for the nonmoving party." *Anderson,* at 248. The mere existence of a
6  scintilla of evidence in support of the party's position is insufficient to establish a genuine
7  dispute; there must be evidence on which a jury could reasonably find for the party. *Id.*, at 252.
8      The instant action was removed to this Court based on diversity of the parties.
9  Accordingly, the issues presented are governed by Washington State law. See *Insurance Co. N.*
10 *Am. v. Federal Express Corp.*, 189 F.3d 914, 919 (9th Cir. 1999). Washington State law is clear
11 that the interpretation of policy language contained in an insurance contract is a question of law.
12 *Butzberger v. Foster*, 151 Wn.2d 396, 401 (2004); *State Farm General Ins. Co. v. Emerson*, 102
13 Wn.2d 477, 480 (1984). Where there are no material facts in dispute, interpretation of the
14 language at issue is appropriately decided on summary judgment. See *American Bankers Ins. v.*
15 *N.W. Nat. Ins.*, 198 F.3d 1332 (11th Cir. 1999).

16                    **UNDERINSURED MOTORIST COVERAGE**

17      In Washington, interpretation of an insurance contract is a matter of law which requires
18 the Court to consider the contract in its entirety and to give effect to each policy provision.
19 *Allstate Ins. Co. v. Peasley*, 131 Wn.2d 420, 423-24 (1997); *PUD No. 1 of Klickitat County v.*
20 *International Ins. Co.,* 124 Wn.2d 789, 881 (1994). Insurance contracts are interpreted using
21 ordinary contract interpretation principles. Generally, insurance contracts are interpreted in the
22 manner understood by the average purchaser of the policy. *Boeing Co. v. Aetna Cas. & Sur. Co.*,
23 113 Wn.2d 869, 877 (1990); *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480 (1984).
24

ORDER GRANTING PATRIOT GENERAL
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT- 4

Thus, terms contained in an insurance policy are given their plain, ordinary, and popular meanings.

A policy is ambiguous only if its provisions are susceptible to two different interpretations, both of which are reasonable. *Id.*, at 424; *McDonald Industries v. Rollins Leasing Corp.*, 95 Wash 2d 909, 913 (1981). In determining whether an ambiguity exists, the Court views the language the way it would be read by the average insurance purchaser, and will give any undefined terms their ordinary meanings, not technical, legal meanings. *Allstate Ins.*, 131 Wn.2d at 424. Ambiguous provisions are generally construed against the insurer; however, "[a]n ambiguity will not be read into a contract where it can be reasonably avoided by reading the contract as a whole." *Universal/Land Const. Co. v. City of Spokane,* 49 Wn.App. 634, 637 (1987).

Determining whether coverage exists under a policy is a two-step process. The burden first falls on the insured to show its loss is within the scope of the policy's insured losses. If such a showing has been made, the insurer can nevertheless avoid liability by showing the loss is excluded by specific policy language. *National Clothing Co., Inc. v. Hartford Cas. Ins. Co.*, 135 Wn.App. 578, 582 (2006); *Overton v. Consolidated Ins. Co.*, 145 Wn.2d 417, 431-32 (2002).

Plaintiffs' Complaint seeks underinsured motorist (UIM) coverage under a policy of insurance issued to Michael Gaskill. Patriot issued automobile insurance policy no. 475736946 to Michael Gaskill for the period December 4, 2008, to June 4, 2009. Dkt. 92-1 pp. 2-25. The Policy Declarations page identifies the insured as "Michael Ellis Gaskill." Dkt. 92-1 pp. 2. The Declarations page also states that the policy provides underinsured motorist (UIM) coverage. *Id.*

The Broad Form Named Driver Endorsement defines the terms "you" and "your insured car" as follows:

**DEFINITIONS USED THROUGHOUT THIS POLICY**

The following definitions are replaced in their entirety by the following:

(2) "**You**" and "**your**" mean the persons shown as the named insured on the Declarations Page.

(9) "**Your insured car**" means:

(A) A car or utility trailer owned or leased by you which you are using.

(B) A **car** or **utility trailer** owned by **you** which is not being used by any person.

(C) A **car** not owned or leased by **you** which **you** are using.

Dkt. 92-1 pp. 21

The Broad Form Named Drive Endorsement also sets forth the scope of liability coverage:

**PART I —LIABILITY COVERAGE**

**We** will pay damages for which **you** are legally liable because of **bodily injury** and/or **property damage** caused by a **car accident** arising out of **your** use of **your insured car**.

Dkt. 92-1 pp. 21

The Underinsured Motorists Coverage Endorsement—Washington sets for the UIM coverage and defines the term "insured person":

**PART III —UNDERINSURED MOTORIST COVERAGE**

**We** will pay damages for **bodily injury** or **property damage** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**. The **bodily injury** or **property damage** must be caused by a **car accident** and result from the ownership, maintenance or use of an **underinsured motor vehicle**.

**Additional Definitions Used in This Part Only**

As used in this Part:

ORDER GRANTING PATRIOT GENERAL
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT- 6

|   |     |                                                                                                 |
|---|-----|-------------------------------------------------------------------------------------------------|
|   | (1) | "**Insured Person**" means:                                                                      |
|   | (A) | **You**.                                                                                         |
|   | (B) | Any other person **occupying your insured car** with **your** permission.                        |
|   | (C) | Any person for damages that person is entitled to recover because **of bodily injury** to **you** or another occupant of **your car**. |

Dkt. 92-1 pp. 22.

The Named Driver Endorsement defines "**your insured car**" as:

|   |     |                                                                                       |
|---|-----|---------------------------------------------------------------------------------------|
|   | (A) | A **car** or **utility trailer** owned or leased by **you** which **you** are using.  |
|   | (B) | A **car** or **utility trailer** owned by **you** which is not being used by any person. |
|   | (C) | A **car** not owned or leased by **you** which **you** are using.                     |

Dkt. 92-1 pp. 21

The Underinsured Motorists Coverage Endorsement provides that Patriot will pay damages for bodily injury or property damage that "an **insured person** is legally entitled to recover from the owner or operator of an underinsured motor vehicle." Thus, UIM coverage is available only to someone who meets the definition of an "insured person." An insured person is defined as (A) You; (B) any **other person occupying your insured car with your permission**; or (C) any person for damages that person is entitled to recover because of bodily injury to you or another occupant of your car.

The Plaintiff Kim Gaskill argues that he is an insured person under subpart B, as "any other person **occupying your insured car** with your permission." Dkt. 99 pp. 4-7; Dkt. 103 pp. 1-2. This is a two-part test. Plaintiff must be **any other person occupying the vehicle with permission** and the vehicle must be **an insured car**. The definition of an "**insured car**" is a car which the named insured, Michael Gaskill, is **using**.

ORDER GRANTING PATRIOT GENERAL
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT- 7

Plaintiffs argue that Michael Gaskill was "using" the vehicle that had been driven by Kim Gaskill because Kim Gaskill was transporting the vehicle to his father's (Michael's) residence. This argument is unpersuasive. The named insured, Michael Gaskill was operating another vehicle at the time of the accident and had traveled down the road, unaware of the subsequent accident injuring his son, Plaintiff Kim Gaskill. Under the plain and ordinary definition of "using," the named insured Michael Gaskill was not using the vehicle that was being driven by Kim Gaskill just prior to the accident. Michael Gaskill was not present at the scene of the accident, having continued on his trip home. There is no causal relationship between Michael Gaskill and the vehicle being driven by Kim Gaskill. Nor was Michael Gaskill in reasonable proximity to the vehicle at the time of the accident. Finally, Michael Gaskill was not engaged in a transaction essential to the use of the vehicle at the time of the accident. See *Butzberger v. Foster*, 151 Wn.2d 396 (2004). Michael Gaskill was not using the vehicle and as such, the vehicle operated by Plaintiff Kim Gaskill was not an "insured vehicle."

Plaintiff Kim Gaskill also fails to satisfy the "permissive occupancy" requirement for being an insured. Kim Gaskill was not a passenger in a vehicle operated by the named insured. At best, he was a permissive user of the vehicle prior to his exiting the vehicle to remove the fallen trees from the roadway. As acknowledged by Plaintiffs, the Patriot insurance policy involves a broad form policy which is intended to cover any vehicle that the named insured (Michael Gaskill) uses, but does not cover permissive users of the named insured's vehicles. See Dkt. 99 pp. 5. Plaintiff was simply a permissive user of the vehicle and not an insured for the purpose of underinsured motorist coverage.

There are no genuine issues of material fact. Plaintiff Kim Gaskill is not an insured and not entitled to underinsured motorist coverage.

ORDER GRANTING PATRIOT GENERAL
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT- 8

### BAD FAITH

An insurer does not have a duty of good faith to third parties. See *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 393, 715 P.2d 1133 (1986). While an insured may make a claim against his insurer for bad faith, it does not follow that a person injured by the insured and who is not a party to the insurance contract may complain of the bad faith of the insurer. Kim Gaskill does not qualify as an insured person under the Patriot General policy. Because he is not an insured, he cannot maintain a claim for bad faith against Patriot General. See *Planet Ins. Co. v. Wong*, 74 Wn.App. 905, 909 (1994)(injured third party has no right of action against insurance company for bad faith).

There are no genuine issues of material fact and Patriot General is entitled to summary judgment.

### CONCLUSION

Therefore, it is hereby **ORDERED:**

Patriot General Insurance Company's Motion for Summary Judgment (Dkt. 91) is **GRANTED**. All claims against Patriot General Insurance Company are **DISMISSED WITH PREJUDICE**.

Dated this 17th day of April, 2012.

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING PATRIOT GENERAL
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT- 9