|   |   |
|---|---|
| KIM GASKILL and KAREN GASKILL, husband and wife, and the marital community consisting thereof,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS INSURANCE COMPANY, a foreign insurance company; SENTRY INSURANCE, a foreign insurance company; and JOHN DOE INSURANCE, an unknown insurer,<br><br>Defendants. | CASE NO. C11-5847 RJB<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiffs' motion to amend complaint. Dkt. 109. The Court has considered the pleadings in support and in opposition to the motion and the record herein.

**INTODUCTION AND BACKGROUND**

This insurance coverage dispute involves a lawsuit filed by Plaintiffs on September 2, 2011, asserting underinsured motorist coverage against two insurers, Sentry Insurance A Mutual

Company (incorrectly identified as Sentry Insurance) and Travelers Indemnity Company (incorrectly identified as Travelers Insurance Company). The original Complaint pleaded first-party insurance coverage, bad faith, and other unspecified violations of law. Dkt. 1 pp. 14.

On March 12, 2012, this Court granted summary judgment related to Plaintiffs' contractual claims against Travelers. Dkt. 87. On March 28, 2012, this Court denied reconsideration of its Partial Summary Judgment Order. Dkt. 94.

On March 17, 2012, this Court granted summary judgment related to Plaintiffs' contractual and extra-contractual claims against Sentry and Patriot General. Dkts. 107 and 108.

On April 24, 2012, the Court entered a Stipulation and Order dismissing all remaining claims against Travelers Insurance Company (improperly named) and The Travelers Indemnity Company, including but not limited to bad faith, Consumer Protection Act violations, Insurance Fair Conduct Act violations and any claim for attorney fees and exemplary damages. Dkt. 113.

These Orders and the Stipulation dispose of all claims of Plaintiffs against these Defendants. Nonetheless, contemporaneously with the filing of the stipulation, Plaintiffs filed the instant motion to amend their complaint "to reflect the pleading of the specific elements of a non-per se claim under the Washington CPA ." Dkt 109 pp. 2.

## STANDARDS FOR AMENDMENT OF PLEADINGS

Federal Rule of Civil Procedure 15(a) deals with amendments to pleadings. Once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to

pleadings should be applied with 'extreme liberality. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). That is not to say, however, that it should be given automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1837 (9th Cir. 1990). Whether justice requires granting a party leave to amend is generally determined by reference to four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *United States v. Pend Oreille Public Utility Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991).

Defendant asserts that the proposed amendment is futile. Amendment is futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Sweaney v. Ada County, Idaho,* 119 F.3d 1385, 1393 (9th Cir.1997); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Futile amendments should not be permitted. *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991); *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). Futility alone, or together with delay, is a sufficient basis upon which to deny a motion for leave to amend. *Roth* at 628; *Klamath-Lake* at 1293.

A party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal. Thus, it is futile to permit amendment to a complaint to add claims subject to dismissal on a motion for summary judgment. *Roth* at 629. See also *Johnson v. American Airlines, Inc.*, 834 F.2d 721,724 (9th Cir. 1987)(Courts have discretion to deny leave to amend a complaint for 'futility,' and futility includes the inevitability of a claim's defeat on summary judgment.); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)(Any amendment would have been futile in that it could be defeated on a motion for summary judgment.).

This Court has already determined that Plaintiffs cannot pursue non-per se claims under the Washington Consumer Protection Act based on the Orders entered as to Patriot General and Sentry. Plaintiffs' original complaint did not mention the CPA, but in their responses to Sentry's summary judgment motions, they alleged they had a viable CPA claim. In its reply, Sentry argued that the Plaintiffs could not maintain that claim because Sentry had not violated any insurance claims-handling regulation and had not engaged in any unfair or deceptive act or practice. Although this Court noted that Plaintiffs had not pleaded a CPA claim, the Court, nevertheless, analyzed that claim and determined that Plaintiffs could not satisfy its elements. See Dkt. 107 pp. 6. Dkt. 113 pp. 1-4.

Plaintiffs' proposed amendment to the complaint is futile. It is beyond any doubt that the proposed amended pleading would be subject to dismissal.

It is further noted that approximately eight months have passed sense Plaintiffs complaint was filed on September 2, 2011. Numerous motions have been ruled upon and the merits of Plaintiffs' claims resolved. The delay in seeking amendment, together with considerations of futility, requires denial of the motion.

**CONCLUSION**

Therefore, it is hereby **ORDERED**:

Plaintiffs' Motion to Amend Complaint (Dkt. 109) is **DENIED**.

Dated this 8th day of May, 2012.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING MOTION TO AMEND
COMPLAINT- 4